UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MITCHELL D. PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-138 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PATRICIA CARUSO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 2000cc-1. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

## **Discussion**

I.     Factual allegations

Plaintiff is presently incarcerated at the Muskegon Correctional Facility but complains of events that occurred at the St. Louis Correctional Facility (SLF). In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, Manager of Prisoner Affairs James Armstrong, and the following employees of SLF: Warden Blaine Lafler; Classification Director Julius Mayfield, Grievance Coordinator Daniel Abrams, and Chaplain Carron Caldwell, in

their individual and official capacities.  Plaintiff claims that Defendants refused to accommodate his right to practice and worship Wicca[1] under § 2000cc-1 in 2005.  Section 2000cc-1 of the Religious Land Use and Institutionalized Persons Act (RLUIPA) provides, in pertinent part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden . . ." furthers "a compelling governmental interest" and is done so by the least restrictive means.  42 U.S.C. § 2000cc-1(a)(1)-(2).

Plaintiff argues that he was wrongfully denied his right to exercise Wicca because: (1) Defendants Caldwell, Mayfield, Lafler, and Caruso refused his request to purchase religious articles[2], including herbs and herbal teas, anointing oils, candles, a scrying bowl and/or crystal ball, altar, altar cloth, chalice, athame and/or wand, ceremonial cloak/robe, altar mixing/offering bowl, altar pentacle, bell, the Book of Shadows, incense and incense burner, and crystals, under MICH. DEP'T OF CORR., Policy Directive 05.03.150, ¶ KK (effective 5/24/04)[3]; (2) Defendants Caldwell, Mayfield, Lafler, and Caruso refused to approve the mail-order vendor, "Azure Green," which sells the above Wiccan religious articles, under Policy Directive 05.03.150, ¶ NN; (3) Defendants Caldwell, Mayfield, Lafler and Caruso refused to allow Wiccan clergy to worship with Plaintiff in

---

[1] "Wicca is a polytheistic faith based on beliefs that prevailed in both the Old World and the New World before Christianity.  Its practices include the use of herbal magic and benign witchcraft." *O'Bryan v. Bureau of Prisons,* 349 F.3d 399, 400 (7th Cir. 2003) (citations omitted).

[2] Under MICH. DEP'T OF CORR., Policy Directive 05.03.150, ¶ QQQ(2) & Attach. B (effective 05/24/04), prisoners belonging to the religious group of Wicca may possess one deck of tarot cards, and one Celtic cross or pentagram.

[3] Policy Directive 05.03.150, ¶ KK states that prisoners may possess religious property that has not already been authorized only upon written request to the Warden, Technical Rule Violation Director or designee.  Plaintiff submitted such a request to Defendant Caldwell, a chaplain.  *See* Attach. A to P's Compl.

violation of Policy Directive 05.03.150, ¶ AAA; (4) Defendant Caruso unlawfully restricted Plaintiff from exercising Wicca in group meetings, ceremonies, and rituals under Policy Directive 05.03.150, ¶ QQQ(2); and (5) Defendants Abrams, Lafler, Armstrong, and Caruso wrongfully denied his request for a book titled "Buckland's Complete Book of Witchcraft" because it had been placed on the MDOC restricted book list.

For relief, Plaintiff requests declaratory and injunctive relief, and monetary damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[4] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v.*

---

[4] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint in this action.

*Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims are the types of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff filed three grievances concerning the claims asserted in his complaint. First, Plaintiff argued that Defendant Caldwell refused his requests to practice the religion of Wicca in Grievance No. SLF-05-07-1456-20a on July 4, 2005. Plaintiff appealed the grievance to Step III but never received a response. The total grievance process from the filing of the Step I grievance to providing a Step III response must be completed within 90 days, unless an extension has been approved. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ U (effective 12/19/03). The 90 day period elapsed on October 3, 2005, for Grievance No. SLF-05-07-1456-20a. Therefore, Plaintiff exhausted his claim against Defendant Caldwell.

Second, Plaintiff filed Grievance No. SLF-05-08-1802-28g[5] on August 11, 2005, because Assistant Librarian (Unknown) Hollenbeck denied Plaintiff's request for "Buckland's

---

[5] Plaintiff also filed Grievance No. "178432, 20" but abandoned that grievance because it alleged the same facts as Grievance No. SLF-05-08-1802-28g.

Complete Book of Witchcraft."[6] While Plaintiff appealed the grievance to Step III, he never received a response. Pursuant to Policy Directive 03.02.130, ¶ U, Plaintiff exhausted this claim on November 9, 2005.

While Plaintiff exhausted his claims against Defendant Caldwell, he failed to exhaust his administrative remedies with regard to Defendants Caruso, Armstrong, Lafler, Mayfield, and Abrams through the three-step grievance process. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to allege or show that he named the Defendants in a Step I grievance alone precludes a finding of exhaustion. *Burton*, 321 F.3d at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted). Without any evidence from Plaintiff that he identified any of the Defendants in any administrative proceeding or that he exhausted his administrative remedies with respect to each of the Defendants, Plaintiff is unable to establish with particularity that he exhausted his available administrative remedies against these Defendants. A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that

---

[6]Assistant Librarian Hollenbeck is not listed as a Defendant in this action.

"he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

   A Judgment consistent with this Opinion will be entered.


Date:   March 15, 2006            /s/ Robert Holmes Bell
                 ROBERT HOLMES BELL
                 CHIEF UNITED STATES DISTRICT JUDGE