UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL D. PUGH,            )
                             )
        Plaintiff,           )    Case No. 1:06-cv-138
                             )
v.                           )    Honorable Robert Holmes Bell
                             )
PATRICIA CARUSO et al.,      )
                             )
        Defendants.          )
_____)

## ORDER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 2000cc-1. Plaintiff claims that he is being denied the right to practice and worship Wicca. On March 15, 2006, the Court dismissed Plaintiff's action for failure to exhaust his administrative remedies. Plaintiff now brings a motion for leave to supplement his complaint pursuant to FED. R. CIV. P. 15(d) (docket #6).

In concluding that Plaintiff failed to exhaust his administrative remedies, the Court stated in part:

> A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint in this action.

involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff filed three grievances concerning the claims asserted in his complaint. First, Plaintiff argued that Defendant Caldwell refused his requests to practice the religion of Wicca in Grievance No. SLF-05-07-1456-20a on July 4, 2005. Plaintiff appealed the grievance to Step III but never received a response. The total grievance process from the filing of the Step I grievance to providing a Step III response shall be completed within 90 days, unless an extension has been approved. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ U (effective 12/19/03). The 90 day period elapsed on October 3, 2005, for Grievance No. SLF-05-07-1456-20a. Therefore, Plaintiff exhausted his claim against Defendant Caldwell.

Second, Plaintiff filed Grievance No. SLF-05-08-1802-28g[2] on August 11, 2005, because Assistant Librarian (Unknown) Hollenbeck denied Plaintiff's request for "Buckland's Complete Book of Witchcraft."[3] While Plaintiff appealed the grievance to Step III, he never received a response. Pursuant to Policy Directive 03.02.130, ¶ U, Plaintiff exhausted this claim on November 9, 2005.

While Plaintiff exhausted his claims against Defendant Caldwell, he failed to exhaust his administrative remedies with regard to Defendants Caruso, Armstrong, Lafler, Mayfield, and Abrams through the three-step grievance process. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to allege or show that he named the Defendants in a Step I grievance alone precludes a finding of exhaustion. *Burton*, 321 F.3d at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted). Without any

---

[2]Plaintiff also filed Grievance No. "178432,20" but abandoned that grievance because it alleged the same facts as Grievance No. SLF-05-08-1802-28g.

[3]Assistant Librarian Hollenbeck is not listed as a Defendant in this action.

> evidence from Plaintiff that he identified any of the Defendants in any administrative proceeding or that he exhausted his administrative remedies with respect to each of the Defendants, Plaintiff is unable to establish with particularity that he exhausted his available administrative remedies against these Defendants. A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

(3/15/06 Opinion, docket #4).

In his motion, Plaintiff argues that he was unable to provide his Step III grievance response for SLF-05-07-1456-20a at the time he filed his complaint because Defendant James Armstrong failed to timely mail a response in accordance with MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ U (effective 12/19/03) (the total grievance process from the filing of a Step I grievance to providing a Step III response shall be completed within 90 days). Plaintiff is now able to provide a copy of the Step III grievance response to the Court.

The Court has no discretion in allowing amendment to avoid the *sua sponte* dismissal of a case under the Prison Litigation Reform Act (PLRA). *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). The PLRA requires courts to screen and dismiss complaints "even before . . . the individual has had an opportunity to amend the complaint." *McGore*, 114 F.3d at 608-09; *see also* 28 U.S.C. § 1915(e)(2). Plaintiff's case would still have been dismissed because he failed to exhaust his administrative remedies even if he had provided the Court with his Step III grievance at the time he filed his complaint. While he exhausted his claims against Defendant Caldwell, Plaintiff failed to allege or show that he named Defendants Caruso, Armstrong, Lafler, Mayfield, and Abrams in any step of the three-step grievance process.

*See Burton v. Jones,* 321 F.3d 569, 576 n.4 (6th Cir. 2003) (plaintiff's failure to name defendants in a Step I grievance alone precludes a finding of exhaustion.)  Therefore, Plaintiff's complaint would still have been dismissed under the total exhaustion rule of *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005) (a civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion).  Accordingly,

IT IS ORDERED that Plaintiff's motion for leave to supplement complaint pursuant to FED. R. CIV. P. 15(d) (docket #6) is DENIED.

Date:    March 29, 2006            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE