UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL D. PUGH,
        Plaintiff,

Case No. 1:06-cv-138

-v-

HONORABLE PAUL L. MALONEY
HONORABLE JOSEPH G. SCOVILLE

PATRICIA CARUSO, et al.,
        Defendants.

ORDER ACCEPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This Court has before it a Report and Recommendation (Dkt. No. 56). Magistrate Judge Scoville recommends granting in part and denying in part Defendants Caruso, Armstrong, Lafler and Mayfield's (Defendants) motion for summary judgment (Dkt. No. 25) based on lack of exhaustion. Defendants filed an objection (Dkt. No. 58). Plaintiff filed a response to the objection (Dkt. No. 60).

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to

file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court conducted a de novo review. Having read the file, including the report, objection and relevant authority, the Report and Recommendation is **ACCEPTED OVER OBJECTIONS.**

Magistrate Judge Scoville advances several recommendations, only one of which is the subject of an objection. Accordingly, all recommendations not specifically objected to by either party are **ACCEPTED.** More specifically, all recommendations that Defendants' motion be granted in part are accepted as Plaintiff has filed on objection to those recommendations.

Defendants, through their motion, allege Plaintiff failed to exhaust his administrative remedies because the grievances Plaintiff submitted did not name the individual defendants. Plaintiff's response includes the assertion that prison policy prohibits him from grieving the content of a prison policy. (Dkt. No. 51 - Brief in Response at 10-13). Plaintiff contends he raised the issues in his complaint in the Warden's Forum, the alternative forum provided by the prison policy. To support his allegation, Plaintiff attaches the minutes of the Warden's Forum and his affidavit. (Exhibits B and D to Dkt. No. 51). The minutes of the Warden's Forum on September 23, 2005 state

> 5. The prisoners of SLF would like a definitive ruling on the application of the Religious Land Use, and Institutionalized Persons Act of 2000 (42 U.S.C. § 2000cc-1) to all policies, procedures and practices, at SLF relating to religious exercise.
>
> **Response:** This question sounds like a declaratory ruling is being requested and we cannot do this. We have to abide by MDOC policy and procedure requirements.

(Exhibit B to Dkt. No. 51). In paragraph 17 of his affidavit, Plaintiff avers he "officially submitted to Defendant Lafler the claims contained within Plaintiff's Complaint regarding the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and the burdens placed upon Plaintiff's religious exercise by SLF employees and MDOC P.D. 05.03.118 and P.D. 05.03.150." (Exhibit D to Dkt. No. 51).

The Report recommends denying Defendants' motion on the basis that Plaintiff exhausted his "available" administrative remedies because no grievance procedure was available for Plaintiff to challenge the content of the prison policy. Defendants' object on the basis that the same prison policy allows for concerns about the content of a policy or procedure to be raised at the Warden's Forum. Indeed, MDOC Policy Directive 03.02.120(E) provides

> A grievant may not grieve the content of policy or procedure; such grievances shall be rejected by the grievance coordinator. If a CFA prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prison Housing Unit Representatives/Warden's Forum".

Defendants conclude "while the filing of a grievance was not an available remedy to the plaintiff to resolve his claims regarding permissible items and group services for practitioners of Wicca at the St. Louis Correctional Facility, the Warden's Forum provided the remedy applicable for such claims." (Objection at 3). Plaintiff's response to the objection reiterates his response to Defendants' motion.

Defendants' objection ignores the basis for the Magistrate Judge's recommendation. In Plaintiff's response, he alleges he complied with the prison policy and raised the issues in his complaint at the Warden's Forum. The documents submitted create a genuine issue of material fact regarding whether Plaintiff exhausted his available administrative grievances. The minutes of the

Warden's meeting summarily characterize the issue raised as the application of RLUIPA to religious exercise and declines to issue a declaratory ruling. Plaintiff's affidavit suggests the issue was more narrowly presented. This Court notes the prison policy relating to the Warden's Forum prohibits the prisoner representatives, which Plaintiff was, from using their position to "present individual complaints to the administration. Individual complaints may be pursued through the grievance process as set forth in PD 03.02.130." (Dkt. No. 58 - Exhibit B to Objection - MDOC PD 04.01.150(K). The minutes of the Warden's Forum demonstrate that policy is enforced. *See* Exhibit B to Dkt. No. 51 ¶ 1.

The Report and Recommendation (Dkt. No. 56) is **ACCEPTED OVER OBJECTIONS.** Defendants' Motion for Summary Judgment (Dkt. No. 25) raising the issue of exhaustion is **GRANTED IN PART AND DENIED IN PART. IT IS SO ORDERED.**


Date:   April 24, 2008                                              /s/ Paul L. Maloney
                                                                                          Paul L. Maloney
                                                                                          United States District Judge